IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| WALKER DIGITAL, LLC, | ) | Case No. |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | 1:10-cv-1180 WTL-DML |
| MULTI-STATE LOTTERY ASSOCIATION, | ) ) ) | |
| Defendant. | ) ) | |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Walker Digital, LLC, by counsel, for its complaint against Multi-State Lottery Association ("MUSL") states:

### JURISDICTION AND VENUE

1. This is a civil action arising in part under laws of the United States relating to patents (35 U.S.C. §§ 271, 281, 283, 284, and 285). This Court has federal jurisdiction of such federal question claims pursuant to 28 U.S.C. §§ 1331 and 1338(a).

2. Defendant does business in the State of Indiana.

3. The acts and transactions complained of herein were conceived, carried out, made effective, and had effect within the State of Indiana and within this district, among other places.

4. Defendant MUSL engages in infringing activities in this judicial district.

5. Venue is proper under 28 U.S.C. §§ 1391(b), 1391(c) and 1400(a), in that the Defendant MUSL has committed acts of infringement in this judicial district, and the Court has personal jurisdiction over the Defendant.

## THE PARTIES

6. Plaintiff Walker Digital is a limited liability corporation duly organized and existing under the laws of the State of Delaware, with its principal place of business at 2 High Ridge Park, Stamford, Connecticut 06905. Walker Digital is the owner by assignment of the entire right, title, and interest in U.S. Patent No. 7,740,537 (the "'537 patent") entitled "System and method for applying lottery multipliers." A true and accurate copy of the '537 patent is attached hereto as Exhibit 1.

7. Defendant MUSL is an unincorporated association owned and operated by its member lotteries with its principal place of business at 4400 N.W. Urbandale Drive, Urbandale, Iowa 50322. MUSL is in the business of, among other things, operating lottery games. MUSL's members include the Arizona Lottery, Arkansas Lottery, Colorado Lottery, Connecticut Lottery Corporation, D.C. Lottery, Delaware State Lottery, Florida Lottery, Hoosier Lottery, Idaho Lottery, Iowa Lottery, Kansas Lottery, Kentucky Lottery Corporation, Louisiana Lottery Corporation, Minnesota State Lottery, Montana Lottery, Nebraska Lottery, New Hampshire Lottery Commission, New Mexico Lottery Authority, North Carolina Education Lottery, North Dakota Lottery, Oklahoma Lottery, Oregon Lottery, Pennsylvania Lottery, Rhode Island Lottery, South Carolina Education Lottery, South Dakota Lottery, Tennessee Education Lottery, Vermont Lottery, Maine Lottery, U.S. Virgin Islands Lottery, Wisconsin Lottery, Missouri Lottery, and West Virginia Lottery.

## FACTUAL BACKGROUND

8. Plaintiff Walker Digital, LLC is the parent company of Walker Digital Management, LLC, a Stamford, Connecticut-based laboratory that invents entirely new ways for businesses, in a wide range of industries that includes retail, vending, credit cards, security,

gaming, and entertainment, to operate and serve consumers by studying human behavior and designing unusual solutions utilizing modern information technologies.

9. Jay Walker is the chairman of plaintiff Walker Digital, LLC and is one of America's best-known entrepreneurs. Mr. Walker founded a number of successful startups that currently have more than 60 million customers. For example, Mr. Walker and his team created the central innovations behind Priceline.com, the groundbreaking "name-your-own-price" company for airline tickets, rental cars and hotel rooms. Now a profitable public company, Priceline.com was one of only a handful of startups in U.S. history to reach a billion dollars in annual sales in less than 24 months.

10. Mr. Walker's inventions and innovations have been widely recognized. He has twice been named by the editors of TIME magazine as one of the 50 most influential business leaders in the digital age. Business Week selected him as one of its 25 Internet pioneers most responsible for "changing the competitive landscape of almost every industry in the world." Newsweek cited him as one of three executives at the forefront of the Internet commerce revolution.

11. Defendant MUSL controls and operates the lottery game referred to as Powerball® in various states, including the State of Indiana. Walker Digital believes that the systems that implement Powerball® and its use of a prize multiplier feature referred to as "Power Play®" infringe the claims of the '537 patent.

12. Since at least as early as March 3, 2010, Defendant MUSL has known of Plaintiff Walker Digital's U.S. Patent Application number 11/425,416, which issued as Plaintiff Walker Digital's '537 patent. Since as early as March 30, 2010, Defendant MUSL has known of the

allowance by the United States Patent & Trademark Office of the claims of Plaintiff Walker Digital's '537 patent. Walker Digital and MUSL had discussions regarding licensing of the '537 patent. MUSL has not taken a license to the '537 patent.

## FIRST CLAIM FOR RELIEF

### (For Infringement of U.S. Patent No. 7,740,537 by Defendant MUSL)

13.     Plaintiff incorporates herein by reference the allegations set forth in paragraphs 1-12 of this Complaint as though fully set forth herein.

14.     Defendant MUSL has been and still is indirectly infringing the '537 patent under 35 U.S.C. § 271(b) by actively inducing others, including, but not limited to, its member lotteries, GTECH Holdings Corporation and Scientific Games Corporation, to directly infringe the '537 patent by making, using, selling, offering to sell, and/or otherwise providing systems that implement Powerball® with the Power Play® prize multiplier feature.

15.     Alternatively, upon information and belief, Defendant MUSL has been and still is directly infringing the '537 patent under 35 U.S.C. § 271(a) by directing and/or controlling others, including, but not limited to, its member lotteries, GTECH Holdings Corporation and Scientific Games Corporation to make, use, sell, offer to sell, and/or otherwise provide systems that implement Powerball® with the Power Play® prize multiplier feature for MUSL's benefit and on MUSL's behalf.

16.     Upon information and belief, Defendant MUSL will continue to infringe the '537 patent unless enjoined by this Court.

17. Upon information and belief, Defendant MUSL's foregoing acts of infringement were and continue to be willful.

18. As a result of Defendant MUSL's infringement, Plaintiff Walker Digital has suffered monetary damages in an amount not yet determined, and will continue to suffer damages in the future unless Defendant MUSL's infringing activities are enjoined by this Court.

19. Unless a preliminary and permanent injunction are issued enjoining Defendant MUSL and its agents, servants, employees, attorneys, representatives, and all others acting on its behalf from infringing the '537 patent, Walker Digital will be greatly and irreparably harmed.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Walker Digital prays for judgment against Defendants as follows:

(1) For a judicial determination and declaration that Defendant has directly infringed, and continues to directly infringe the claims of United States Letters Patent No. 7,740,537;

(2) For a judicial determination and declaration that Defendant has induced, and continues to induce, the infringement of the claims of United States Letters Patent No. 7,740,537;

(3) For a judicial determination and decree that Defendant's infringement of United States Letters Patent No. 7,740,537 has been, and continues to be, willful and deliberate;

(4) For a judicial determination and decree that Defendant and its subsidiaries, officers, agents, servants, employees, licensees, and all other persons or entities acting or attempting to act in active concert or participation with it or acting on its behalf, be preliminarily

and permanently enjoined from further infringement of United States Letters Patent No. 7,740,537;

(5) For a judicial decree that orders Defendant to account for and pay to Walker Digital all damages caused to Walker Digital by reason of each Defendant's infringement pursuant to 35 U.S.C. Section 284, including enhanced damages under 35 U.S.C. Section 285;

(6) For an award of damages according to proof at trial;

(7) For a judicial declaration that this case is exceptional under 35 U.S.C. Section 285 and that Defendant be ordered to pay Walker Digital's costs, expenses, and reasonable attorney's fees pursuant to 35 U.S.C. Sections 284 and 285;

(8) For a judicial order awarding to Walker Digital pre-judgment and post-judgment interest on the damages caused to it by Defendant's infringement; and

(9) For any such other and further relief as the Court may deem just and proper under the circumstances.

### Demand for Jury Trial

Plaintiff hereby demands a jury trial pursuant to Rule 38 of the Federal Rules of Civil Procedure as to all issues so triable.

September 17, 2010

FROST BROWN TODD LLC

By: _____
James Dimos, #11178-49
201 N. Illinois St., Suite 1900
P. O. Box 44961
Indianapolis, IN  46244-0961
317-237-3800
Fax: 317-237-3900
jdimos@fbtlaw.com

Attorneys for Walker Digital, LLC

OF COUNSEL:

Roderick G. Dorman
Alan P. Block
Thomas B. Watson
Omer Salik
HENNIGAN, BENNETT & DORMAN LLP
865 South Figueroa Street, Suite 2900
Los Angeles, California 90017
Telephone:     (213) 694-1200
Facsimile:     (213) 694-1234
dormanr@hbdlawyers.com
blocka@hbdlawyers.com
watsont@hbdlawyers.com
saliko@hbdlawyers.com

998350v1